IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

MARICKA THOMPSON, )
)
        Plaintiff, ) TC-MD 130483D
)
    v. )
)
DEPARTMENT OF REVENUE, )
State of Oregon, )
)
        Defendant. ) **FINAL DECISION**

The court entered its Decision in the above-entitled matter on March 4, 2014. The court did not receive a request for an award of costs and disbursements (TCR-MD 19) within 14 days after its Decision was entered. The court's Final Decision incorporates its Decision without change.

Plaintiff appeals Defendant's Notice of Deficiency Assessment dated September 13, 2013, for the 2012 tax year. A trial was held in the Oregon Tax Courtroom on January 28, 2014, in Salem, Oregon. Plaintiff appeared on her own behalf. Tony Inovejas (Inovejas), Tax Auditor, appeared and testified on behalf of Defendant. Plaintiff's Exhibits 1 to 15 were received without objection. Defendant's Exhibits A to G were received without objection.

## I. STATEMENT OF FACTS

Plaintiff testified that for the 2012 tax year she paid $438 per month in cash to Charity Johnson to care for her daughter, Mykeasa Spinks. Plaintiff submitted a written statement signed by Charity Johnson stating that she is the "owner/sole provider of Charity's Seeds of Promise LLC" and listing her license number, tax identification number and telephone number. (Ptf's Ex 14.) Charity Johnson's letter stated that Plaintiff paid her $438 per month "by the 5th of every month" for twelve months in 2012. (*Id.*) Plaintiff submitted consecutively numbered receipts

signed by Charity Johnson who is not related to Plaintiff. (Ptf's Exs 11-13.) Plaintiff testified that the Department of Human Services (DHS) issued monthly statements to Charity's Seeds of Promise, requesting that the child care provider and Plaintiff sign the monthly billing form and return it to DHS after listing the "number of hours" child care was provided. (Ptf's Exs 1-10.)

Plaintiff testified that she was a "single mother of two children" in 2012, the "sole provider," and her only source of income was gross wages in the amount of $30,082.28. (Ptf's Ex 15.)

Inovejas testified that Defendant enacted "rules and regulations to carry out" the qualifying requirements for the working family care credit and child care credit. He testified that Defendant found the documents provided by Plaintiff to be "inadequate substantiation" to allow the claimed child care expenses. Inovejas encouraged Plaintiff to "follow the Department guidelines" found on its "website and written publications." Plaintiff responded stating that she now has a bank account and no longer pays cash to her child care provider.

## II. ANALYSIS

Oregon allows a qualifying taxpayer to claim a refundable credit to partially offset the taxpayer's child care costs incurred when a taxpayer is working or attending school. ORS 315.262.[1] This credit is commonly referred to as the working family child care credit. The statute provides in relevant part:

> "A qualified taxpayer shall be allowed a credit against the taxes otherwise due under ORS 316 equal to the applicable percentage of the qualified taxpayer's child care expenses (rounded to the nearest $50)."

ORS 315.262(3).

/ / /

---

[1] References to the Oregon Revised Statutes are to the 2011 edition.

In addition to the working family child care credit, ORS 316.078 provides for a nonrefundable credit for certain employment-related expenses, including child care, paid by a taxpayer for the care of a dependent child or children. That credit is commonly referred by the short title "child care credit." The child care credit is specifically tied to IRC section 21. The child care credit is "equal to a percentage of employment-related expenses allowable pursuant to section 21 of the Internal Revenue Code* * *."[2] ORS 316.078(1); *see also* OAR 150-316.078(1) ("When calculating the Oregon child care credit, taxpayers must use the same employment related expenses used for calculating the federal credit, subject to the same limitations and eligibility requirements outlined in the IRC Section 21.").[3] IRC section 21(a)(l) provides a credit for a "percentage of the employment related expenses * * * paid by such individual during the taxable year." "Expenses are employment-related expenses only if they are for the purpose of enabling the taxpayer to be gainfully employed. The expenses must be for the care of a qualifying individual or household services performed during periods in which the taxpayer is gainfully employed or is in active search of gainful employment." Treas Reg 1.21-1(c).

Plaintiff claimed a working family child care credit and a child care credit. To receive either or both credits, a taxpayer must pay for child care. After requesting substantiation for the child care expenses paid by Plaintiff and receiving nothing that met its substantiation requirements, Defendant denied Plaintiff's claimed credits. Plaintiff appeals Defendant's denial.

The issue before the court is whether Plaintiff is entitled to claim a child care credit based on the amount of child care expenses she paid. "In all proceedings before the judge or a

---

[2] References to the Internal Revenue Code of 1986, as amended, are to the 2012 tax year.

[3] References to the Oregon Administrative Rules (OAR) are to the 2012 tax year.

magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fall upon the party seeking affirmative relief." ORS 305.427. Plaintiff must establish her claim "by a preponderance of the evidence, or the more convincing or greater weight of evidence." *Schaefer v. Dept. of Rev.*, TC No 4530, WL 914208 at *2 (July 12, 2001) (citing *Feves v. Dept. of Rev.*, 4 OTR 302 (1971)).

Oregon Administrative Rule 150-315.262(3) clearly states that child care payments "must be made by the parent claiming the working family child care credit." *See also* ORS 315.262(3). Plaintiff testified that all child care expenses were paid by her in cash. Plaintiff submitted a signed statement from her child care provider, signed receipts, and copies of the Department of Human Services Child Care Billing Receipts for ten of the twelve months in 2012. (Ptf's Exs 1-14.)

When a taxpayer decides to pay cash for child care expenses, the taxpayer has the burden of providing sufficient evidence to substantiate the total amount of the claimed expense. In making its determination, the court is limited to the evidence presented. Receipts that are properly completed, including date, name of individual who paid the cash, amount paid and signed by the child care provider are persuasive evidence. Testimony is evaluated in the context of the receipts and other documented evidence. There is not a statutory requirement that a taxpayer have a bank account. The absence of canceled checks is one of the most significant challenges facing a cash basis taxpayer. A canceled check is evidence that an expense was paid on a certain date to a specific individual or entity. Many taxpayers who pay in cash purchase money orders to have a payment record that supplements properly completed receipts.

In the case before the court, Plaintiff can only claim child care expenses that she paid. Plaintiff submitted completed and signed receipts from her child care provider, Charity Johnson,

acknowledgement from a third party (Department of Human Services) that Plaintiff's child was receiving child care from Charity Johnson, an affidavit from Charity Johnson including her day care license number and tax identification number, and evidence that Plaintiff had adequate income to pay the child care expenses she claimed. Plaintiff met her burden of proof.

III. CONCLUSION

After careful consideration of the testimony and evidence, the court concludes that Plaintiff paid $5,256 for child care to Charity Johnson in 2012. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff is entitled to claim $5,256 for child care expenses in tax year 2012.

Dated this ____ day of March 2014.

_____
JILL A. TANNER
PRESIDING MAGISTRATE

*If you want to appeal this Final Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed.*

*This document was signed by Presiding Magistrate Jill A. Tanner on March 21, 2014. The court filed and entered this document on March 21, 2014.*